IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**N.W., Individually and**
**As Parent and Next Friend of M.M.**                                          **PLAINTIFF**

v.                          Case No. 4:23-cv-00696 KGB

**VILONIA SCHOOL DISTRICT**                                                    **DEFENDANT**

## OPINION AND ORDER

Before the Court is the motion for judgment on the record of Vilonia School District ("District") (Dkt. No. 21) and the motion for judgment on the record and response to District's motion for judgment on the record of plaintiff N.W. ("Parent"), individually and as parent and next friend of M.M. ("Student") (Dkt. No. 23). District has filed a reply brief in support of its motion for judgment on the record (Dkt. No. 27).

For the following reasons, the Court denies as moot the District's motion for judgment on the record on the District's counterclaim (Dkt. No. 21). The Court grants Parent's motion to dismiss the District's counterclaim for lack of jurisdiction because the Court determines the counterclaim is moot. For this reason, to the extent Parent filed a cross-motion for judgment on the record on the District's counterclaim, the Court denies as moot the Parent's cross-motion for judgment on the record on the District's counterclaim (Dkt. No. 23).

To the extent Parent moved for judgment on the record with regard to Parent's complaint for attorney's fees as the prevailing party in proceedings under the IDEA before the Hearing Officer, the Court denies without prejudice to refiling Parent's request for attorney's fees pursuant to that claim (Dkt. Nos. 23; 1; 11).

I.     **Procedural Background**

Parent filed a first due process complaint ("Complaint No. 1") against the District on December 8, 2022, and a second due process complaint ("Complaint No. 2") against the District on January 24, 2023, which resulted in an administrative due process proceeding conducted by an impartial Hearing Office ("HO") appointed by the Arkansas Department of Education ("ADE") (Dkt. No. 21, ¶ 2).[1] At all times relevant to the due process complaints, Student was a student at the District (*Id.*). The HO conducted a hearing on the consolidated cases over six days on March 14-16 and April 19-21, 2023 (AR 218–835, 849–1432).

The HO entered a Final Decision and Order ("Order") concluding that the District failed to provide Student a free appropriate public education ("FAPE") in a timely manner as a result of procedural and substantive violations of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. throughout the time period at issue (AR 156-200).

Parent filed a complaint in this Court asserting two claims. Parent asserted a claim to recover attorneys' fees and costs as the prevailing party in the proceedings before the HO under the IDEA and a claim seeking to recover compensatory damages pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 1231-12165 (Dkt. No. 1). The District filed an answer to the complaint and a counterclaim appealing the HO's finding that it had violated the IDEA (Dkt. No. 4, ¶¶ 94–96).

In a text Order dated March 18, 2024, Judge Lee P. Rudofsky granted the parties' joint motion to dismiss Parent's claims seeking to recover compensatory damages under § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act without prejudice (Dkt. No.

---

[1] The ADE appointed Debby L. Ferguson to be the Hearing Officer in this matter (Administrative Record ("AR") 156–200).

2

12).[2] Accordingly, Parent's only remaining claim in this proceeding is Parent's claim to recover attorneys' fees and costs as the prevailing party in the proceeding before the hearing officer.

On October 2, 2024, the District filed a motion for judgment on the record arguing that, contrary to the HO's conclusions in the Order, the administrative record established that Student was provided a FAPE throughout the time period at issue (Dkt. No. 21, ¶ 4). The District further argues that the HO erred in awarding private placement of Student at Compass Academy ("Compass") because Compass was an inappropriate placement and because the District was capable of serving Student (*Id.*, ¶ 6). The District seeks reversal of the judgment and dismissal of Parent's claim (*Id.*, ¶ 7).

Parent also filed a motion for judgment on the record and responded to the District's motion for judgment on the record (Dkt. No. 23). In Parent's response to the District's motion for judgment on the record, Parent argues that the District's motion should be denied and dismissed under Federal Rule of Civil Procedure 12(b)(1) because the District's appeal is moot, and, therefore, the Court lacks jurisdiction (*Id.*, ¶ 2). Parent alternatively argues that, even if the Court does not dismiss the District's appeal as moot, the Court should affirm the HO's decision because it is supported by a preponderance of the evidence in the administrative record (*Id.*, ¶ 3). In support of Parent's motion to dismiss the District's appeal, Parent submits a declaration stating that the District has fully implemented the HO's decision, that Student did not enroll in the District for the 2024-2025 school year, and that Student resides with Student's father outside the District (*Id.*, ¶ 4).

---

[2] In an Order entered December 9, 2024, Judge Rudofsky recused from the case, and the Clerk reassigned the case to this Court (Dkt. No. 30).

The District replied to Parent's response and argued that the case falls within an exception to the mootness doctrine because it is capable of repetition, yet evading review (Dkt. No. 27, at 2–5). The District contends that the ability of a district to provide Student a FAPE is an ongoing issue that satisfies the exception (*Id.*, at 4). Additionally, the District continued to argue that Student was provided a FAPE while at the District and that the HO erred in awarding private placement (*Id.*, at 5–10). The District attached to it reply brief an order entered in *J.D. v. Atkins School Dist.*, Case No. 4:20-cv-939-BSM, (E.D. Ark. Aug. 11, 2021), and correspondence from Dr. Douglas Adams, Superintendent, regarding the Hearing Decision in this case dated May 15, 2023 (Dkt. Nos. 27-1; 27-2).

## II.     Factual Background

Student was enrolled in North Kansas City School District ("NKCSD") prior to enrolling in the District in January 2022 (AR 1968-79). During the 2021-2022 school year, student was enrolled in seventh grade (AR 5). Student was in eighth-grade in the 2022-2023 school year (AR 1-14, 44-52, 2124). Parent alleged that Student qualifies for special education services because he has been diagnosed with Disruptive Mood Dysregulation Disorder ("DMDD"), Adjustment Disorder, Attention-Deficit Hyperactivity Disorder ("ADHD"), and Autism Spectrum Disorder ("Autism") (AR 161–62, 1569, 1969).

In Complaint No. 1, Parent alleged that, in December 2021, while Student was in seventh grade in the NKCSD, Parent decided to relocate to Vilonia, Arkansas, and enrolled Student in the District (AR 4–5). On January 14, 2022, the District developed an initial IEP (AR 1968-79). The IEP committee determined Student's placement would be at the alternative learning environment ("ALE") operated by the Arch Ford Education Service Cooperative ("Arch Ford") at Ruth Doyle Middle School in Conway, Arkansas (AR 1980). Student remained at ALE until Parent enrolled

4

student at Compass, a private placement, around January 24, 2023 (AR 1325). Parent alleged that the District denied Student a FAPE during the 2021-2022 and 2022-2023 school years. For relief, Parent sought: (1) to change Student's placement from ALE to Vilonia Middle School, with a one-on-one aide, while Student was evaluated and until the District developed an appropriate IEP; (2) to conduct a comprehensive evaluation of Student that included a functional behavioral assessment ("FBA"); (3) to develop an IEP with an appropriate behavior intervention plan ("BIP") to provide Student with a FAPE in the least restrictive environment ("LRE"); and (4) to provide Student with appropriate compensatory education to place Student in the position Student would have been absent the FAPE denials (AR 13).

In Complaint No. 2, Parent alleged that the District failed and refused to provide Student services comparable to those described on Student's NKCSD IEP and further failed to conduct any testing or evaluations of Student (AR 47-48). Parent alleged that the District predetermined Student's placement at ALE and ignored Parent's objection to and concerns about ALE (AR 48–49). Parent further claimed that, after filing Complaint No. 1, Parent requested private placement at Compass, which the District rejected, and so Parent chose to place Student at Compass (AR 49-50). In Complaint No. 2, Parent sought reimbursement for all costs and fees associated with attendance at Compass, including transportation, and compensatory education needed to place Student in the position Student would have been absent the FAPE denials (AR 51).

In its responses to the complaints, the District contended that an IEP was developed for ALE placement and that the placement was comparable to Student's placement in the previous out-of-state district (Dkt. No. 22, at 3–4). The District asserts that a copy of the IEP developed at the January 14, 2022, meeting was provided to Parent electronically on January 17, 2022, but, according to the District records, the IEP was not viewed by Parent (AR 25, 61). According to the

5

District, testing was completed at that time, which indicated that Student's current eligibility category was Emotional Disturbance (AR 26). Parent also reported diagnoses of DMDD, Adjustment Disorder, and ADHD (AR 26). An annual review conference was held on May 23, 2022, and the IEP team determined Student's placement would remain in the ALE setting (AR 26).

At the hearing, witness testimony and evidence established that Student attended third grade in the District during the 2016-2017 school year (AR 1868). On January 30, 2017, Student was referred for a special education evaluation (AR 1868). On May 2, 2017, the IEP team determined that Student was eligible for special education services (AR 1928). Student's initial IEP was developed on August 14, 2017 (AR 1930). At this meeting, it was determined that Student would repeat the third grade (AR 1930). In November 2017, Parent relocated to Missouri and enrolled Student in the Park Hill School District ("PHSD") (AR 1943). Student attended fourth, fifth, and sixth grade in the PHSD and seventh grade in the NKCSD (AR 4, 1345-47).

Plaintiff moved back to Vilonia, Arkansas, in December 2021, beginning the enrollment process in the District on December 10, 2021 (AR 1754-57). The enrollment process was completed on December 21, 2021, and the District requested Student's records from NKCSD on that date (AR 1167, 1760). Student enrolled in the District with a current IEP and BIP from the NKCSD (AR 1944-46, 1950-67). Student's placement at the NKCSD was in the Joe Jacobs Center, a facility exclusively populated by students with disabilities "with a focus on behavior related to learning and social skills" (AR 1961). The facility "has [a] high adult-to-student ratio." (Id.).

The District developed an initial IEP at a meeting on January 14, 2022 (AR 1968-79). The IEP committee determined Student would be placed at ALE, which is operated by Arch Ford in

Conway, Arkansas (AR 1980-81). According to the NKCSD IEP, Student was reading at a grade equivalent of beginning fifth grade and had significant behavior issues in the school environment (AR 1969). The IEP committee determined Student would benefit from the regular counseling and smaller environment at ALE (AR 1968-79). A student action plan was developed for Student with short-and long-term goals (AR 2012-13). An annual review conference was held on May 20, 2022, where the IEP committee developed Student's eighth grade IEP (AR 2053-66). The IEP team also determined Student would receive Extended School Year ("ESY") services of one day per week for three hours (AR 2067).

There is a handwritten note on Student's student action plan that reads "waiting on home school for transition 1/16/23" (AR 1610). When Parent withdrew Student from NKCSD, Student had just started a transition from the specialized facility he was attending back to Student's "home school," which was a middle school, for one class (AR 1469). Ira Jones, the campus supervisor at the ALE program, confirmed that he discussed Student's transition to Vilonia Middle School with both Parent and Jennifer Jensen, the District's Special Education Director (AR 405-06).

Following the hearing, the HO entered the order with her decision on May 12, 2023 (AR 156-200). The HO determined: (1) that the District failed to provide Student with a FAPE in a timely manner as a result of procedural and substantive violations of the IDEA, and (2) that Compass is an appropriate placement for Student (AR 198-99). The HO ordered the District to: (1) pay Parent tuition and mileage reimbursement for Student's attendance at Compass from January 3, 2023, through May 31, 2023; (2) pay tuition for Student's attendance at Compass from July 1, 2023, through June 30, 2024, and provide transportation during that time; and (3) evaluate Student within 60 days and provide Parent a facilitated IEP meeting if Student is enrolled at the District for the 2024-2025 school year (AR 199-200).

The District complied with the HO's order to reimburse Parent for tuition and transportation from January 3, 2023, through May 31, 2023 (Dkt. No. 23-1, ¶ 2). The District also complied with the HO's order to pay Student's private school tuition from June 1, 2023, through May 31, 2024 (*Id.*, ¶ 3). Parent did not enroll Student in the District in the 2024-2025 school year because Student no longer resides in the District (*Id.*, ¶ 5). Due to a change in circumstances, Student now resides with Student's father outside the District (*Id.*).

### III.    Parent's Motion To Dismiss The District's Counterclaim For Lack Of Jurisdiction

#### A.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction over the case. *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "A case becomes moot— and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (quoting *Already, LLC*, 568 U.S. at 91, quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). In other words, "[w]hen, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden*, 212 F.3d at 469).

### B. Analysis

#### 1. Summary Of The Arguments

In response to the District's motion for judgment on the record, Parent argues that the Court should dismiss the District's counterclaim as moot because it cannot grant the District effective relief (Dkt. Nos. 23, ¶ 3; 24, at 2–11). Parent contends that the "District has fully implemented the HO's decision, that [Student] did not enroll in the District for the 2024-2025 school year, and that [Student] no longer resides in the District" (Dkt. No. 23, ¶ 4). In response, the District argues that the matter is "capable of repetition, yet evading review," which is an exception to the mootness, because Student may move back to the District resurrecting an issue as to Student's placement (Dkt. No. 27, at 2–5). Parent also predicts that the District may invoke the collateral consequences exception to mootness, arguing that Parent's claim for IDEA attorneys' fees requires a decision on the merits (Dkt. No. 24, at 8–10). The District does not respond to this argument in its reply (Dkt. No. 27). Finally, Parent argues that, even if the District's counterclaim is dismissed for lack of subject matter jurisdiction, Parent's claim for attorneys' fees and costs under the IDEA is not moot because Parent remains the prevailing party before the HO (Dkt. No. 24, at 10–11).

#### 2. Mootness

"Questions of mootness are matters of subject matter jurisdiction." *Keup v. Hopkins*, 596 F.3d 899, 904 (8th Cir. 2010) (quoting *Charleston Housing Auth. v. USDA*, 419 F.3d 729, 739 (8th Cir. 2005)). As such, the Court examines the mootness issue first as a threshold matter. "A pending case becomes moot when circumstances change and the parties' dispute ceases to exist." *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 863 (8th Cir. 2024). In other words, cases are mooted "[w]hen, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . . and a federal court can no longer grant

effective relief.'" *Haden*, 212 F.3d at 469 (8th Cir. 2000) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Thus, "[a] case can become moot while pending on appeal if an event occurs 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *In re Grand Jury Proc.*, 208 F.3d 217, at *1 (8th Cir. 2000) (unpublished table decision) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation omitted))). Mootness doctrine applies to each claim brought and to each form of relief sought. *See, e.g.*, *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791–92 (8th Cir. 2018).

Furthermore, because the "existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction," mootness "goes to the very heart of Article III jurisdiction" and can be raised at any time. *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 & n.3 (8th Cir. 2021) (first quoting *McGehee v. Neb. Dep't of Corr. Servs.*, 987 F.3d 785, 787 (8th Cir. 2021); then quoting in footnote *In re Smith*, 921 F.2d 136, 138 (8th Cir. 1990)). A federal court has no discretion with respect to a moot issue; it must dismiss for lack of jurisdiction, *Rivera*, 993 F.3d at 1049 (quoting *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (*en banc*)), and must refrain from reaching the merits to avoid rendering an advisory opinion. *Haden*, 212 F.3d at 469 (quoting *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998)).

In this case, the HO ordered the District to reimburse Parent for tuition and transportation from January 3, 2023, through May 31, 2023 (AR 199). The District complied and reimbursed Parent for tuition and transportation Parent paid for private school tuition and transportation from January 3, 2023, through May 31, 2023 (Dkt. No. 23-1, ¶ 2). The HO ordered the District to pay Student's private school tuition from June 1, 2023, through May 31, 2024 (AR 199). The District complied and paid Student's private school tuition from June 1, 2023, through May 31, 2024 (Dkt.

No. 23-1, ¶ 3). The HO further ordered that, if Parent enrolled Student in the in the District for the 2024-2025 school year, that the District is ordered to evaluate Student within 60 days of Student's enrollment and to provide Parent with a facilitated IEP meeting through Arkansas Special Education Mediation Project (AR 200). Parent did not enroll Student in the District for the 2024-2025 school year, and that school year has passed.

Attached to Parent's motion is the declaration of Parent stating that Student now resides with Student's father outside the District (Dkt. No. 23-1, ¶ 5). Student remained enrolled in Compass for the 2024-2025 school year, but the District did not pay Student's tuition or provide transportation for Student (Dkt. Nos. 23-1, ¶ 4; 24, at 4). There is no record evidence indicating that Parent intends to enroll Student in the District in the future. Based on the record evidence, there is no ongoing controversy between Parent and the District related to the HO's Order. *See Pierre-Noel on behalf of K.N. v. Bridges Pub. Charter Sch.*, 113 F.4th 970, 977 (D.C. Cir. 2024) ("[T]here is no ongoing controversy between Bridges and K.N.: he no longer attends that school, and Pierre-Noel has not made any representations that she plans to re-enroll him there.").

Parent cites to the case of *Mundo Verde Pub.. Charter Sch. v. Sokolov*, as support for Parent's contention that case is moot. 315 F. Supp. 3d 374, 378 (D. D.C. 2018). In *Mundo Verde*, the hearing officer ordered the school district to pay private school tuition for the student, A.S., for the 2016-2017 school year. *Id*. The school district paid A.S.'s private school tuition in compliance with the hearing officer's order. *Id*. at 379. For the 2017-2018 school year, A.S. remained enrolled in the private school, and the school district continued to pay A.S.'s tuition. *Id*. The district appealed the hearing officer's order, and A.S.'s parents argued the school district's appeal was moot because the district court could not grant effective relief. *Id*. The court agreed the case was moot. *Id*. at 381. The court explained that because the school district had paid A.S.'s tuition as

ordered by the hearing officer, the school district's appeal was moot. *Id*. The Court went on to analyze two exceptions to the mootness doctrine, capable of repetition, yet evading review and collateral consequence, but found that neither applied under the facts of the case. *Id*. at 382–84. Specifically, the court determined that "there is no reasonable expectation that Plaintiff will again be aggrieved by [a] *similar application of the IDEA*." *Id*. at 382 (internal quotation marks and citations omitted) (emphasis in original). The court explained that the issue in the case, the denial of a FAPE, is "inherently fact-dependent, particularly where, as here, the denial is based on the inappropriateness of a student's IEP and school placement." *Id*. (citation omitted).

Similarly here, the HO found procedural and substantive violations resulting in the denial of a FAPE and ordered the District to pay Student's private school tuition as a result. The District complied with the HO's Order, and Parent does not seek additional relief for past denial of a FAPE. Under these circumstances, there is no further relief that the Court may grant. The only other relief the HO contemplated was that, if Student *were to enroll in the District for the 2024-2025 school year*, then the District must perform an evaluation of Student and meet with Parent. Student did not enroll in the District for the 2024-2025 school year, and the 2024-2025 school year has passed. Accordingly, every aspect of the HO's order is moot.

The weight of authority indicates that an HO's award in an IDEA dispute, once carried out in full by the defendant school district, is a moot issue. *See Pierre-Noel on behalf of K.N. v. Bridges Pub. Charter Sch*., 113 F.4th 970, 977 (D.C. Cir. 2024) ("[T]here is no ongoing controversy between Bridges and K.N.: he no longer attends that school, and Pierre-Noel has not made any representations that she plans to re-enroll him there"); *D.C. v. Klein Indep. Sch. Dist.*, 860 F. App'x 894, 907–08 (5th Cir. 2021) (finding plaintiff's claim to compensatory education award moot because district had paid the entirety of the award); *Bd. of Educ. Of Oak park & River*

*Forest High Scho., Dist. 200 v. Ill. State Bd. of Educ.*, 79 F.3d 654, 659 (7th Cir. 1996) (determining that a HO's award of compensatory education was moot because it had been carried out by school district); *M.H. v. Pulaski Cnty. Special Sch. Dist.,* Case No. 4:24CV167-LPR, 2025 WL 1156770, at *3 (E.D. Ark. Apr. 21, 2025) (finding that school district's determination that student required special education services mooted that claim in lawsuit); *Dep't of Educ. v. Rodarte ex rel. Chavez*, 127 F. Supp. 2d 1103, 1111–14 (D. Haw. 2000); *Mundo*, 315 F. Supp. 3d at 381; *B.D. v. D.C.*, 817 F.3d 792, 803 (D.C. Cir. 2016) (finding plaintiff's request for injunction pending implementation of appropriate IEP became moot when the school district issued an appropriate IEP).

### 3. Exceptions To Mootness

The District argues that even if the mootness doctrine applies, the capable of repetition, yet evading review exception applies under the circumstance of this case. The District maintains that the "ability of the District to prospectively provide Student a FAPE is an ongoing issue that satisfies the 'capable of repetition, yet evading review' exception." (Dkt. No. 27, at 4 (citing *Bentonville Sch. Dist v. Smith*, Case No. 5:17-cv-05134, 2018 WL 11541109, *2 (W.D. Ark. 2018)). Parent argues in response that the exception does not apply because Student no longer resides in the District and because Parent does not seek additional relief for the District's past denial of a FAPE (Dkt. No. 24, at 5–8).

"[A] controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 769–770 (8th Cir. 2014) (citing *Party of Richmond Cnty. v. Graham,* 413

13

F.3d 252, 256 (2d Cir. 2005) (second, third, and fourth alterations in original) (quoting *Van Wie v. Pataki,* 267 F.3d 109, 113–14 (2d Cir. 2001))).

Here, even if the challenged action is too short in its duration to be fully litigated,[3] there is no reasonable expectation based on the record evidence before the Court that Student will be subjected to the same action again.  Unlike in *Bentonville School District*, which is cited by the District to support its assertion that the case is capable of repetition, Student no longer lives within the school district; this fact makes it unlikely that the question of the District providing Student a FAPE or Student's placement within the District will reoccur.  *See Pierre-Noel on behalf of K.N. v. Bridges Pub. Charter Sch.*, 113 F.4th 970, 977 (D.C. Cir. 2024) ("[T]here is no ongoing controversy between Bridges and K.N.:  he no longer attends that school, and Pierre-Noel has not made any representations that she plans to re-enroll him there").  Further, here, unlike in *Bentonville School District*, the District was required to provide Student a FAPE with services comparable to those provided by NKCSD, Student's previous out-of-state district.  The facts and circumstances of this case, as set out in the record, demonstrate that same requirement would not be present if Student were to enroll in the District in the future, given the passage of time and intervening events.  Therefore, it is not reasonable to expect that the Court would encounter these parties again with the same disputes that they are bringing in this action.

---

[3] Parent argues that the District should have moved for a stay of the HO's decision or for an expedited appeal (Dkt. No. 24, at 4).  Parent contends that Parent raised mootness as an affirmative defense in Parent's answer to the District's counterclaim and stated that "the District should be estopped from raising  the 'capable of repetition, yet evading review' exception to mootness unless it seeks a stay of the HO's Order and/or expeditiously pursues this appeal." (*Id.*).  However, because the Court finds that the HO's ruling is not capable of repetition, the Court will not determine whether, as Parent contends, the doctrine of equitable estoppel applies (*Id.*).

The District attaches to its reply *J.D. v. Atkins School District*, a case in which the Honorable Brian S. Miller considered whether an IDEA case was capable of repetition, yet evading review (Dkt. No. 27-1). Case No. 4:20-cv-939-BSM, (E.D. Ark. Aug. 11, 2021). In *J.D.*, Judge Miller found that, on facts involving a hearing officer who ordered the school district to develop a new IEP for a young student who was likely to remain within the district, the capable of repetition yet evading review exception to the mootness doctrine applied (*Id.*, at 3–4). Judge Miller determined that, although the district had developed a new IEP as instructed by the hearing officer, the disputes between the parties were likely to continue for years to come because plaintiffs had already filed three new due process complaints against the school district challenging issues pertaining to student's IEP (*Id.*, at 3–4). *J.D.* is distinguishable from the case before the Court because, unlike the student in *J.D.*, the Student here is not young, is no longer enrolled in the District, and has not filed additional due process complaints against the District while this lawsuit has been pending.

In *Reinholdson ex rel. Simon v. Sch. Bd of Indep. Sch. Dist. No. 11*, a district court considered whether a student, who transferred to a new school district after she requested an administrative hearing, mooted her claim. Case No. CIV. 02-4225 ADM/AJB, 2005 WL 1819976, at *5 (D. Minn. Aug. 2, 2005), *aff'd sub nom. Reinholdson ex rel. Simons v. Sch. Bd. of Indep. Sch. Dist. No. 11*, 187 F. App'x 672 (8th Cir. 2006). The court determined that the student's claim was moot and rejected the student's argument that the claim was capable of repetition yet evading review. The court determined that the fact that the student still lived in the district, but was opting to enroll in a different school district, was of a little consequence because the responsibility for providing the student with a FAPE was now with the new school district in which student was enrolled. *Id.*. Further, the court found that, if the student were to reenroll in the prior school

15

district, where the student still lived, nothing would prevent parent from using the IDEA's safeguards for ensuring receipt of an appropriate IEP and a FAPE. *Id*. The court determined that, "[s]ince an IEP must be current, and the Student has spent an entire school year in another district, such a process is best accomplished at the time, if ever, the Student reenrolls in the District." *Id*., at *5.

Similarly here, if Student were to reenroll in the District at some point in the future, the District would be obligated to provide Student a current IEP and a FAPE, but the Court observes that Student would have, at that point, spent close to three years at a different school.[4] Further, the Court notes that, if Parent were to reenroll Student in the District, Student very likely will have matriculated from middle to high school, which will require that Student be evaluated by the District as a high school student and which will require placement in a high school setting, not a middle school, where he was previously placed.[5] Furthermore, any assessment of Student performed by the District would not be based on providing Student with a FAPE that included services comparable to those provided by NKCSD or on an IEP provided to Student by NKCSD at the time the parties' dispute in this case arose (Dkt. No. 27, at 6). In other words, the circumstances of this case have changed, and, based on the changed circumstances, there is not a reasonable expectation that Parent would bring the same action against the District, even if Parent were to reenroll Student in the District.

---

[4] According to the evidence in the record, Student has not attended school in the District since January 2023 (AR 50).

[5] Based on the Court's calculations and according to the evidence in the record, Student, who was 16 at the time of briefing, is now 17 years and eight months old (AR 2).

Based on the record evidence before the Court in this case, the Court determines that the capable of repetition yet evading review exception to mootness does not apply. *See Reinholdson*, 2005 WL 1819976, *5; *Mundo Verde Public Charter School*, 315 F. Supp. 3d at 383.

In Parent's briefing, Parent predicts that the "District may invoke the collateral consequences exception to mootness arguing Parent's claim for IDEA attorneys' fees requires a decision on the merits." (Dkt. No. 24, at 8–10). In its reply, the District does not address Parent's assertion that it may argue the collateral consequences exception to the mootness doctrine. Moreover, the District does not, as Parent suggests, invoke the exception by arguing that Parent's claim for IDEA attorneys' fees requires a decision on the merits. Because the District has not argued for application of the collateral consequences exception, the Court will not make a determination about whether the exception applies.

### C.     Conclusion

The District's claim for relief pursuant to the IDEA is moot; no exception to the mootness doctrine applies, based on this Court's determination of issues raised by the parties. Accordingly, the Court grants Parent's motion to dismiss the District's counterclaim appealing the Order lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. Nos. 4, ¶¶ 94–96; 23). Having dismissed the District's counterclaim for lack of jurisdiction, the Court denies as moot the District's motion for judgment on the record on the District's counterclaim (Dkt. No. 21). To the extent Parent filed a cross-motion for judgment on the record on the District's counterclaim, the Court denies as moot the Parent's cross-motion for judgment on the record on the District's counterclaim (Dkt. No. 23).

## IV. Attorneys' Fees And Costs

Parent argues that, while the District's appeal is moot, Parent's claim for IDEA attorneys' fees and costs is not moot (Dkt. No. 24, at 10–11).  In response, the District maintains that any claim that Parent makes about her claim for attorneys' fees and costs not being moot is "misplaced at this stage of the case in which the Court is addressing the IDEA appeal." (Dkt. No. 27, at 5 n.1).  The District reserves the right to address the issue if and when Parent makes a motion for fees (*Id.*).  The Court determines that it will consider a motion for IDEA attorneys' fees and costs should Parent choose to file one, and it will permit the District to respond to the motion at that time.

For these reasons, to the extent Parent moved for judgment on the record with regard to Parent's complaint for attorney's fees as the prevailing party in proceedings under the IDEA before the Hearing Officer, the Court denies without prejudice to refiling Parent's request for attorney's fees pursuant to that claim (Dkt. Nos. 23; 1; 11).

## V. Conclusion

The Court denies as moot the District's motion for judgment on the record on the District's counterclaim (Dkt. No. 21).  To the extent Parent filed a cross-motion for judgment on the record on the District's counterclaim, the Court denies as moot the Parent's cross-motion for judgment on the record on the District's counterclaim (Dkt. No. 23).

To the extent Parent moved for judgment on the record with regard to Parent's complaint for attorney's fees as the prevailing party in proceedings under the IDEA before the Hearing Officer, the Court denies without prejudice to refiling Parent's request for attorney's fees pursuant to that claim (Dkt. Nos. 23; 1; 11).

So ordered this 30th day of September, 2025.

Kristine G. Baker
Chief United States District Judge