**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**N.W., Individually and**
**As Parent and Next Friend of M.M.** **PLAINTIFF**

**v.** **Case No. 4:23-cv-00696 KGB**

**VILONIA SCHOOL DISTRICT** **DEFENDANT**

**ORDER**

Before the Court is the motion for attorneys' fees and costs filed by N.W., individually and as parent and next friend of M.M. ("Parent") (Dkt. No. 36). Defendant Vilonia School District ("District") has filed a response to the motion for attorneys' fees and costs (Dkt. No. 35). Parent filed a supplemental declaration of Theresa L. Caldwell in support of Parent's motion (Dkt. No. 37). For the following reasons, the Court grants, in part, and denies, in part, Parent's motion for attorneys' fees and costs (*Id.*).

**I. Factual Background**

This action was brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (Dkt. No. 1). The Court has previously discussed the factual and procedural history of this case (Dkt. No. 31, at 2–8). The Court will not repeat it here, except to say that, after nearly three years of proceedings, the Court denied as moot the District's counterclaim for relief pursuant to the IDEA and, to the extent Parent filed a cross-motion for judgment on the record on the District's counterclaim, the Court denied as moot the Parent's cross-motion for judgment on the record on the District's counterclaim (Dkt. No. 31).

Parent filed a motion for attorneys' fees and costs (Dkt. No. 32). In the motion, Parent requests $56,468.35 in attorneys' fees and $1,098.54 in costs, for a total fee award of $57,566.89.

District filed a response to the motion for attorneys' fees and costs (Dkt. No. 35), and Parent filed a supplemental declaration of Theresa L. Caldwell (Dkt. Nos. 35; 37).

## II. Legal Standard

The IDEA authorizes a court, "in its discretion," to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "A party prevails if it succeeded on any significant issue which achieved some of the benefit it sought." *Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996) (citing *Borengasser v. Ark. State Bd. of Educ.*, 996 F.2d 196, 199 (8th Cir. 1993)). Congress, in authorizing the award of attorneys' fees, "intended that meritorious actions taken on behalf of disabled children receive the benefit of attorneys' fee awards; otherwise, only those who could afford to sue for enforcement of their rights would receive the protection and benefit of the law." *Cain v. Nev. Cty. Sch. Dist.*, Case No. 4:10-cv-04011, 2011 WL 6370082, at *3 (W.D. Ark. Dec. 20, 2011) (citations omitted). Therefore, "[u]nless 'special circumstances' exist to make an award unjust, attorney fees should ordinarily be awarded to the prevailing party." *Schramm*, 93 F.3d at 1377 (quoting *Borengasser*, 996 F.2d at 199).

Determining a reasonable award of attorneys' fees is a two-step process. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822,

825 (8th Cir. 2005)). The party seeking an award of fees should "submit adequate documentation supporting the number of hours claimed," and the court "may deduct hours from this initial number if counsel's documentation is inadequate." *Gay v. Saline Cty.*, Case No. 4:03-cv-00564 HLJ, 2006 WL 3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433). Once calculated, the lodestar amount is presumptively reasonable, *see Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), but may be adjusted upward or downward, as the court finds necessary based on the facts and circumstances of the particular case, *see Hensley*, 461 U.S. at 434.[1]

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)).

## III. Analysis

Parent requests $56,468.35 in attorneys' fees and $1,098.54 in costs, for a total fee award of $57,566.89. In support of Parent's motion, Parent submitted billing records documenting the hours expended by Parent's counsel of record, Theresa L. Caldwell and Clay Fendley, in litigating this matter, the billing rates for these attorneys, and a table of costs associated with litigating this matter (Dkt. Nos. 32-1, 32-2, 34). Caldwell asks the Court to award attorneys' fees in the amount of $47,961.67, representing 137.03 hours of work at a rate of $350.00 per hour. Fendley asks the

[1] The IDEA specifically directs the court to reduce the amount of the attorneys' fees awarded under § 1415(i)(3) whenever the court finds that: (1) "the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy"; (2) "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or (3) "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C. §§ 1415(i)(3)(F)(i)–(iii).

Court to award attorney's fees in the amount of $8,116.68, representing 32.48 hours of work at a rate of $250.00 per hour, and $390.00 for 3.90 hours of work at a rate of $100.00 per hour for Darlene Hogancamp.

District does not dispute that Parent succeeded on the merits of Parent's claims and is, therefore, a prevailing party for purposes of a fee award under the IDEA (Dkt. No. 36). Further, the Court finds that no special circumstances exist to justify denying Parent an award of attorneys' fees. It follows that Parent is entitled to reasonable attorneys' fees and costs under the IDEA.

District, however, objects to Parent's counsel's proposed hourly rates of $350.00 and $250.00 and claims that the number of hours spent by Parent's counsel was excessive and that, therefore, a reduced fee is warranted in this case (*Id.*, at 3–8). The Court will address District's objections.

**A. Hourly Rates**

First, District objects that the hourly rates sought by counsel for Parent are not reasonable for this IDEA case and are too high for IDEA work. District argues that multiple federal courts in Arkansas have determined that $250.00 an hour is an appropriate fee for Caldwell's work on these cases as recently as June 2025 (Dkt. No. 36, at 3 (citing cases)). District attaches many of the cited cases to its response to the motion for attorneys' fees and costs (*see* Dkt. Nos. 35-1: 35-2; 35-3; 35-4; 35-5; 35-6). District also argues that an hourly rate of $200.00 for second chair, Fendley, is consistent with other IDEA cases (Dkt. No. 36, at 4).

As the District acknowledges, Caldwell was recently awarded a rate of $275.00 per hour and Fendley a rate of $250.00 in an Eastern District of Arkansas IDEA case (Dkt. No. 35-3, at 1). *See A.S. v. Vilonia Sch. Dist.*, Case No. 4:23-cv-01193-DPM, at 1–2 (E.D. Ark. Sept. 10, 2025) (determining that "it's time to increase Ms. Caldwell's hourly rate"). Additionally, in *A.W. v.*

*Pulaski Cnty. Special Sch. Dist.*, Case No. 4:22-cv-00168 JM, 2023 WL 5959496, at *2 (E.D. Ark. Sept. 13, 2023), another case in the Eastern District of Arkansas, the Court determined that the hourly rate of $350.00 for Caldwell and $250.00 for Fendley was appropriate and reasonable based on their experience and the complexity of the case.

The Court determines that the rates requested by Parent are slightly high, but the rates suggested by District are too low given the experience of attorneys for Parent and the complexity of the issues involved in IDEA cases. Therefore, considering the results obtained by Parent's counsel, the Court determines that a reasonable hourly rate for Caldwell's work in this case is $325.00 and that a reasonable hourly rate for Fendley's work in this case is $250.00 per hour. See *Ogawa v. Saint Paul Pub. Sch., Indep. Sch. Dist.*, No. 625, Case No. CV 17-1398 ADM/DTS, 2018 WL 354658, at *7 (D. Minn. Jan. 10, 2018) (finding in this 2018 case that an hourly rate of $300.00 was reasonable for an experienced attorney in an IDEA case). The rate for Hogancamp is appropriate as requested at $100.00 per hour.

**B. Hours Expended**

District next contends that the number of hours expended by Parent's attorneys, totaling approximately 170 hours is unreasonable for this type of legal matter (Dkt. No. 36, at 4–8). First, District argues that the issues decided in the administrative due process hearing could have been succinctly presented in just one or two full hearing days, but the hearing here lasted six days resulting in increased attorneys' fees (*Id.*, at 4–5). The District points out that Arkansas Department of Education Regulations state that a due process hearing typically should not last more than three days and that that experienced counsel, like Caldwell, should be adept at presenting succinct arguments (*Id.*, at 5 (citing *Jacksonville N. Pulaski Sch. Dist. v. D.M.*, Case

No. 4:20-cv-00256-BRW, 2021 WL 8016926, at *3 (E.D. Ark. July 20, 2021) (citing ADE Reg. 10.01.32)).

District also argues that Parent's counsel appears to have billed excessively in that the billing records include block billing, making it difficult to discern what time was spent on specific tasks (Dkt. No. 36, at 5). District notes that over 40 hours billed were for time spent reviewing records, documents, or exhibits (*Id*. (citing 32-1, at 7–9)).

District further maintains that Caldwell's time records appear to include time when she was double or triple billing. For example, on March 13, 2023, Caldwell billed three hours and 23 minutes to "[r]eview and organize Exhibits" from 10:14 a.m. to 1:37 p.m. (Dkt. No. 32-1, at 8). During the same time, Caldwell billed an additional hour for other work in the case between 10:00 a.m. and 11:00 a.m. and another two hours for other work in the case between 11:12 a.m. and 1:12 p.m., and another one hour, 53 minutes for other work in the case between 12:25 p.m. and 2:18 p.m. (*Id*.). District cites other examples of this practice (Dkt. No. 36, at 6). Finally, District cites one instance when Caldwell appears to have been billing in this case and another due process case (*Id*.).

District also complains of excessive billing in that Parent's counsel billed one attorney for eight hours and 45 minutes to revise the due process complaint after another attorney spent approximately two hours preparing and revising the due process complaint (Dkt. Nos. 32-1, at 10, 32-3, at 2). District also notes that Caldwell spent five hours and 16 minutes preparing Parent's four-page pretrial disclosures on March 7, 2023 (Dkt. No. 32-1, at 9)

District maintains that "the fee award should be reduced by 45% to 50% claiming that a fee award around $30,000.00 is better aligned with other fee awards in IDEA cases in Arkansas (Dkt. No. 36, at 7) (citing *Jacksonville N. Pulaski Sch. Dist.*, 2021 WL 8016926, at *9 (awarding

$31,395.00 in total fees); *Johnson v. Sims*, Case No. 2:20-cv-139-DPM, 2020 WL 6585693, at *1 (E.D. Ark. Nov. 10, 2020) (awarding $17,450.00 in total fees, which were undisputed); *Doe v. Vilonia Sch. Dist.*, Case No. 4:18-cv-00855, at *1 (E.D. Ark. June 9, 2020) (awarding total fees of $25,628.40); *McMinn v. Sloan-Hendrix Sch. Dist.*, Case No. 3:16-cv-23-DPM, 2018 WL 1277719, at *2 (E.D. Ark. Mar. 12, 2018) (awarding total fees of $29,648)).

Caldwell responds with a supplemental declaration (Dkt. No. 37). In the declaration, Caldwell states that she did not engage in double or triple billing (*Id.*, ¶ 1). Caldwell explains that "the amount of time billed is accurate, but the time when the work occurred is *not* always accurate." (*Id.*, ¶ 2). Caldwell maintains that she "did not think that the start time [on the *Clockify* system] was important." (*Id.*). Caldwell also stated that she did not bill for the same time in this case and another case as described in District's brief but spent time working on the other case during the workday and then worked on this case after working hours (*Id.*, ¶ 3). Caldwell attaches emails showing that she submitted pretrial disclosures in this case after working hours (Dkt. No. 37, at 3–4). Again, Caldwell states the start and stop times in *Clockify* are not correct (*Id.*).

Having carefully reviewed Parents' counsel's billing records, the Court finds that, even crediting Parent's counsel that there was no double or triple billing, counsel billed for *some* unnecessary and excessive work. Based on its own knowledge, experience, and expertise on the time required to complete similar activities, and considering the results obtained by Parents' counsel in this case, the Court finds that counsel could have completed these activities in less time. Accordingly, the Court will reduce the number of hours related to Parent's counsel's time entries by 20%.

In sum, the Court will award Parent attorneys' fees as follows:

| **Attorney** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Caldwell | $325.00 | 137.03 | $44,535.00 |
| Fendley | $225.00 | 32.48 | $7,308.00 |
| Hogancamp | $100.00 | 3.90 | $390.00 |
| Total Fees with Reduced Rate | | | $52,233.00 |
| **Total Fees Less 20%** | | | **$41,786.40** |

The Court awards $1,098.51 in costs, which are not disputed by District. The Court awards fees and costs in the total amount of $42,884.91.

**IV. Conclusion**

For the foregoing reasons, the Court grants, in part, and denies, in part, Parent's motion for attorneys' fees and costs (Dkt. No. 32). The Court approves attorneys' fees in the amount of $41,786.40 and costs in the amount of $1,098.51, for a total award of $42,884.91.

It is so ordered this 31st day of August, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge